IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **DAVID SAVACOOL,**<br><br>    **PLAINTIFF,**<br><br>v.<br><br>**WEIR OIL & GAS,**<br><br>    **DEFENDANT** | **CASE NO.:** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes S.P.M. Flow Control, Inc., ("SPM" or "Defendant"), who pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, files this Notice hereby removing this action from the Nineteenth Judicial District Court for Colorado, Weld County to the United States District Court for the District of Colorado. In support of removal Defendant respectfully submits the following:

1.

On April 9, 2020, Plaintiff David Savacool ("Plaintiff") filed his Complaint and Jury Demand captioned *David Savcool v. Weir Oil & Gas* in the Nineteenth Judicial District Court of Colorado, Weld County (the "Complaint"). A copy of the state court Civil Cover Sheet is attached hereto as Exhibit "A" and a copy of the state court Complaint is attached as Exhibit "B". On April 9, 2020, the court issued a Civil Summons to Defendant, which counsel for Plaintiff sent to undersigned counsel via email on the same day. A copy of the Civil Summons is attached hereto as Exhibit "C". On April 13, 2020, undersigned counsel notified Plaintiff's counsel that he was authorized to accept service on behalf of Defendant. On April 20, 2020, Plaintiff's counsel emailed

1

undersigned counsel copies of all the pleadings entered to date in the state court action, including a copy of the Case Management Order from the District Court of Weld County, which is attached hereto as Exhibit "D". Undersigned counsel entered a Notice of Appearance on May 6, 2020, which is attached as Exhibit "E". A copy of the Register of Actions from the District Court of Weld County is attached hereto as Exhibit "F".

2.

In his Complaint, Plaintiff purports to assert a cause of action for discrimination arising under the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-402, *et seq*. Specifically, Plaintiff alleges that he was an employee of Defendant and that Defendant terminated him as a result of discrimination on the basis of age. (*See* Ex. B, ¶¶ 1-3, 22.)

3.

Plaintiff improperly named Weir Oil & Gas as the defendant in this matter. Weir Oil and Gas is a trade name and is not an actual entity. (*See* Declaration of Sara Caminada ("Caminada Decl.") attached hereto as Exhibit "G" at ¶ 6.) Plaintiff's actual employer was SPM. (*Id.* at ¶ 7.)

4.

Plaintiff seeks damages in the form of, *inter alia*, lost wages dating back to his termination on May 2, 2019, an equal amount in liquidated damages, and attorneys' fees and costs under Colo. Rev. Stat. § 24-34-405. (Ex. B, ¶¶ 23-24.)

I. **The Court Has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1).**

　　A. **There is Complete Diversity of Citizenship Between the Parties.**

5.

As stated in his Complaint, Plaintiff is a citizen of the State of Colorado. (Ex. B, ¶1.)

6.

SPM is incorporated in the state of Texas, where it maintains its principal place of business at 601 Weir Way, Fort Worth, TX 76108. (See Texas Secretary of State Business Organizations Inquiry attached to Caminada Decl. as Exhibit 1.) SPM is also an entity in good standing with the Office of the Secretary of State of the State of Colorado. (*See* Certificate of Fact of Good Standing from the Colorado Secretary of State attached to Caminada Decl. as Exhibit 2.)

7.

Accordingly, there is complete diversity between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a)(1).

B.     **The Amount in Controversy Exceeds $75,000.**

8.

The Complaint lacks a statement as to the amount in controversy. (*See* Ex. B.) However, Plaintiff alleges he was unlawfully terminated from employment with Defendant as of May 2, 2019. (*Id.* at ¶ 20.) Considering the amount Plaintiff earned at the time of his demotion, the probable time from filing until the disposition of this matter, and the categories of damages prayed for in the Complaint, the amount in controversy in this action well exceeds the jurisdictional threshold of $75,000.00 by a preponderance of the evidence. *See* § 1332(a).

9.

Indeed, Plaintiff earned $75,852.97 in the 2018 calendar year, and he earned $31,060.21 from January 2019 through his separation on April 29, 2019. (*See* Pay Statements for D. Savacool attached to Caminada Decl. as Exhibit 3.) In addition, Plaintiff also seeks an equal amount in

liquidated damages. (Ex. B at ¶ 23.) Thus, Plaintiff's claim for damages in this matter exceed $75,000.00.

10.

Where, as here, a plaintiff's complaint does not state the amount in controversy, the defendant may satisfy its burden of proof under § 1332(a) with a "plausible allegation that the amount in controversy exceed the jurisdictional threshold" in its notice of removal. *Gama v. U.S. Bank Nat'l Assoc.*, C.A. No. 15-00814-KLM, 2015 WL 7252411, at *4 (D. Colo. Nov. 16, 2015) (citing *Dart v. Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 544 (U.S. 2014)). Evidence need only be considered when the amount in controversy is disputed. *Id*. Thus, Defendant has fulfilled its burden of proof on removal.

11.

Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

12.

Removal to the United States District Court for the District of Colorado is an appropriate venue pursuant to 28 U.S.C. §§ 1391, 1441, and 1446(a). The United States District Court for the District Court of Colorado is the court embracing the place where the Complaint is pending.

13.

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) as it is being filed within thirty (30) days of Defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

14.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal and the attached copies of all process,

pleadings, and orders received by Defendant comply with the requirements of 28 U.S.C. § 1446(a) and District of Colorado Local Civil Rule 81.1.

15.

Pursuant to 28 U.S.C. § 1446(d) a notice of removal will be filed with the Nineteenth Judicial District Court for Colorado, Weld County, and will be served upon Plaintiff through his counsel of record.

**WHEREFORE**, Defendant S.P.M. Flow Control, Inc. reserving all rights and without waiving any of its procedural or substantive rights or defenses, prays for removal of the above captioned proceeding from the Nineteenth Judicial District Court for Colorado, Weld County, to the United States District Court for the District of Colorado.

Respectfully submitted,

*/s/ Joseph R. Ward III*
Joseph R. Ward III (Co Bar No.: 52829)
THE KULLMAN FIRM
9800 Mount Pyramid Court, Suite 400
Englewood, CO 80112
Telephone: (720) 447-6628
Facsimile: (504) 596-4114
E-Mail: jrw@kullmanlaw.com

Samuel Zurik III
THE KULLMAN FIRM, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4114
E-Mail: sz@kullmanlaw.com

**COUNSEL FOR DEFENDANT,**
**S.P.M. Flow Control, Inc.**

**CERTIFICATE OF SERVICE**

I certify that on May 7, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and have served a copy on the foregoing via United States mail on the following:

>Robert Liechty
>ROBERT M LIECHTY PC 1
>800 Gaylord St.
>Denver, CO 80206

*/s/ Joseph R. Ward III*