| | |
|---|---|
| DISTRICT COURT, COUNTY OF WELD, STATE OF COLORADO<br><br>Address:   915 10th St.<br>             P.O. Box 2038 (80632)<br>             Greeley, Colorado 80631<br>Telephone: 970-475-2500 | DATE FILED: April 9, 2020 3:19 PM<br>FILING ID: D211631E67A2A<br>CASE NUMBER: 2020CV30277 |
| **Plaintiff:**   DAVID SAVACOOL<br><br>v.<br><br>**Defendant:**   WEIR OIL & GAS | ▲COURT USE ONLY▲<br><br>Case No.: 20-cv-<br><br>Div. |
| Attorney for Plaintiff Savacool:<br>Attorney:   Robert M. Liechty, No. 14652<br>             ROBERT M LIECHTY PC<br>Address:    1800 Gaylord St.<br>             Denver, CO 80206<br>Phone No.   (303) 861-5300<br>Fax:        (303) 861-2746<br>E-mail      rliechty@crossliechty.com | |
| **COMPLAINT UNDER RULE 16.1 AND JURY DEMAND** | |

Plaintiff David Savacool, by his attorney, Robert M. Liechty, Esq., of ROBERT M LIECHTY PC, brings his complaint under Rule 16.1 as follows:

1. Plaintiff David Savacool resides in Evans, Colorado. He used to work for defendant Weir Oil & Gas at its service center in Fort Lupton, Colorado. Weir Oil & Gas has its principal place of business in Fort Worth, Texas. It is not licensed with the Colorado Secretary of State to do business in the state of Colorado.

2. Mr. Savacool brings one claim of age discrimination under Colorado's Anti-discrimination Act, CRS §24-34-402(1)(a). He filed a charge of age discrimination with the Colorado Civil Rights Division and received a right to sue letter dated February 19, 2020. Jurisdiction and venue are proper in this court.

3. Mr. Savacool began working for Weir in June, 2014, as a contract worker and became a full-time employee in August, 2014. There were over 20 employees in the workplace where he worked. He began working as a service technician I and performed satisfactorily.

Exhibit B

After two years, he was promoted to a service technician II and, in January, 2018, he was promoted to a service technician III in charge of running the Sunday-Wednesday crew. This was the highest non-management position in the shop – there were three management personnel at the location. At that time, there was one other service technician III in the shop who ran the Wednesday-Saturday crew.

      4.      Mr. Savacool was the second oldest employee in the shop at age 53.

      5.      In approximately the early summer of 2015, his co-employees began calling Mr. Savacool "Papa" and "old man" and told him to "move your slow ass." Even his direct supervisor, Donald Hughett, called him these names and he told Mr. Savacool that "You should retire."

      6.      Mr. Savacool complained to Mr. Hughett about the co-employees' comments. He asked Mr. Hughett to direct the co-employees to stop making such comments, but Mr. Hughett did not do so.

      7.      In November, 2018, Mr. Savacool had a stroke which caused him to go to the hospital. He returned to work four days later with no work restrictions.

      8.      One month later, on December 27, 2018, he was given a written counseling for failing to report an accident he allegedly had while driving a forklift on December 20, 2018. He allegedly was driving the forklift too close to a customer's trailer and damaged the forklift's fire extinguisher bracket. He told the company that he had no such accident. Santos Soto, the branch manager, told Mr. Savacool, without any basis, that the accident could have been caused either by his new diabetic medications or by his new trifocals.

      9.      The company said that there were two witnesses to the accident and Mr. Savacool asked for the names of these witnesses. The company would not provide the names.

      10.      Shortly after the alleged accident, Mr. Savacool had his service tech III responsibilities of running the crew removed, but he kept his salary.

      11.      On January 2, 2019, his wife wrote an anonymous complaint letter which she sent to the Weir ethics hotline. In it, she identify herself as an employee's wife and complained of employees returning from lunch smelling of marijuana; employees clocking in before arriving at work; employees leaving a bag of white powder with Mr. Savacool's name on the bag, which allegedly was meant to be a joke; and equipment and trailers being damaged without the damage being reported.

      12.      On January 8, 2019, Mr. Savacool was called into the office of Mr. Santos Soto, the branch manager, and was asked if he knew of the above anonymous complaint. Mr. Savacool said that he knew of the complaint.

13. On February 4, 2019, he was written up for four infractions that occurred between January 17-30, 2019. The company called this practice "managing out" and used this practice when it wanted to get rid of employees.

14. After December, 2018, Mr. Savacool's co-employees constantly made fun of the number of trips he went to the bathroom, blaming it on his age. He explained to Mr. Hughett that he had to go to the bathroom frequently due to his new diabetic medication and asked that Mr. Hughett put a stop to these comments. Mr. Hughett did not stop the comments.

15. Beginning in January, 2019, Mr. Savacool was being assigned to jobs that would normally be given to new hires.

16. On April 25, 2019, Mr. Savacool allegedly lifted a part that weighed 54 pounds. This violated the company policy which required the use of a lifting aid if the item to be lifted weighed more than 50 pounds. However, every employee lifted this part, which was 1 foot long and 8 inches in diameter, without using a lifting aid.

17. At the time that Mr. Savacool was doing this procedure, he suffered cramps in his wrist. Other employees asked if Mr. Savacool was okay, and he said that he was fine and that it was just a temporary cramp. Pursuant to company policy, he reported the cramp to branch manager Soto who, in turn, reported it to Nurse Mary (last name unknown) in Fort Worth. She believed that the cramps were from electrolyte imbalance due to Mr. Savacool's diabetes.

18. On Sunday, April 28, 2019, Mr. Savacool was speaking with Nurse Mary about his cramps. Because it was too loud in the shop, he walked out the back door to speak to her outside. While he was talking with her, he had a cigarette outside of the one area designated for smoking. Employees customarily smoked cigarettes outside of the one designated area without suffering any discipline.

19. On April 29, Mr. Savacool went to Mr. Hughett's office to complain again of the remarks being made regarding his age. Mr. Hughett said, again, that he would take care of it. Mr. Savacool said that if he did not take care of it, Mr. Savacool would have to go to HR in Fort Worth. Mr. Hughett asked if Mr. Savacool was threatening him, and Mr. Savacool said, "no," but that he was letting him know what his next steps would be.

20. On May 2, 2019, he was given both a "final counseling" and a "termination session" for the above two alleged infractions regarding lifting more than 50 pounds and smoking in a non-designated area. He was not given an opportunity to respond to either notice. Instead, he was terminated and ushered off the premises.

21. Smoking in an undesignated area and lifting the 54-pound cylinder were never infractions that justified a termination. Instead, these "infractions" were used as an excuse to cover the real reason for Mr. Savacool's termination – the company did not want to deal with the fact that Mr. Savacool was aging and was suffering from physical ailments caused by his aging.

22. Defendant terminated Mr. Savacool because of his age, which violated CRS §24-34-402(1)(a).

23. Mr. Savacool is entitled to his lost wages under §24-34-405(3)(g). He is also entitled to an equal amount as liquidated damages.

24. Mr. Savacool is entitled to his attorney's fees and costs under CRS §24-34-405(6).

WHEREFORE, plaintiff David Savacool respectfully requests that this court enter judgment in his favor and for costs, interest, attorney's fees, and such other relief as this court may deem proper.

Plaintiff requests trial to a jury

Respectfully submitted this April 9, 2020.

*Duly Signed Original Available at the offices of:*

ROBERT M LIECHTY PC


By:   s/   *Robert M. Liechty*
      Robert M. Liechty
      ATTORNEY FOR PLAINTIFF

Address of plaintiff:
3725 McAvoy Avenue
Evans, CO 80620